```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| THEODORE NACCARELLA, et al., | CIVIL ACTION NO. 07-5465 (MLC) |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. |  |
| CIPRIAN CONSTANTIN SUCIU, |  |
| Defendant. |  |

**THE COURT** having ordered the plaintiffs to show cause why the complaint should not be dismissed for (1) failure to comply with Federal Rule of Civil Procedure ("Rule") 4(m), and (2) lack of prosecution under Local Civil Rule 41.1(a) and Rule 41(b) (dkt. entry no. 3); and it appearing that the plaintiffs failed to serve the summons and complaint on the defendant within 120 days after filing the complaint; and the Court advising the plaintiffs that the complaint would be dismissed unless they either (1) showed good cause for this failure, or (2) established that service was effected within the 120-day period, see Fed.R.Civ.P. 4(m), Sykes v. Blockbuster Video, 205 Fed.Appx. 961, 963-64 (3d Cir. 2006); and the Court notifying the plaintiffs of the intention to dismiss the complaint, see Liu v. Oriental Buffet, 134 Fed.Appx. 544, 546 (3d Cir. 2005); and

**IT APPEARING FURTHER** that the action had been pending for more than 120 days without the plaintiffs having taken any proceedings; and the Court advising the plaintiffs that the

complaint would be dismissed unless good cause was shown for the lack of prosecution, see L.Civ.R. 41.1(a), see also Fed.R.Civ.P. 41(b) (stating complaint may be dismissed for failure to prosecute); and the Court being authorized to impose harsh penalties when enforcing the Local Civil Rules, see Kabacinski v. Bostrom Seating, 98 Fed.Appx. 78, 82 n.3 (3d Cir. 2004), United States v. 11 Vehs., Their Equip. & Accessories, 200 F.3d 203, 214 (3d Cir. 2000); and

**THE PLAINTIFFS** failing to respond to the Court's inquiry; and thus the Court intending to (1) grant the order to show cause, and (2) dismiss the complaint for the plaintiffs' failure to comply with Rule 4(m);[1] and for good cause appearing, the Court will issue an appropriate order and judgment.[2]

                                              s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge

**Dated**: April 17, 2008

---

[1] It is unnecessary for the Court to balance the Poulis factors for a dismissal pursuant to Rule 41, see Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), as the plaintiffs have failed to comply with Rule 4(m).

[2] The Court notes that whether the plaintiffs "did or did not receive the District Court's . . . order which directed [them] to comply with Rule 4 is irrelevant; [they were] still expected to comply with the rules of procedure." Sykes, 205 Fed.Appx. at 963.